# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DELBERT G. STEWART, | ) | CASE NO. 5:20-cv-2818 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| BRIAN K. KAHN, ESQ., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Delbert G. Stewart ("Stewart") filed this action against defendants, Federal Aviation Administration ("FAA") and its counsel, Brian K. Kahn ("Kahn"). On March 22, 2021, the Court notified Stewart that, as written, his complaint failed to state a claim upon which relief may be granted. The Court granted Stewart thirty (30) days to amend his complaint to state a viable cause of action and notified him that if a legally sufficient complaint was not filed within that time, his case may be dismissed. Stewart filed an amended complaint on April 12, 2021; however, the amended pleading failed to correct the fatal deficiencies of the original complaint.

For the following reasons, this action is dismissed.

I. **BACKGROUND**

On December 22, 2020, Stewart filed a complaint against the FAA and its counsel, Kahn (Doc. No. 1 ["Compl."].) As best the Court can discern, the complaint concerns Stewart's personal private pilot's certificate, the revocation of this certificate, Stewart's apparent arrest,

and the seizure of his aircraft for operating a flight without an airworthiness certificate. (*See generally* Compl.)

The complaint alleges that Kahn, with the FAA's approval, used a "sham legal process" to (1) "coerce the surrender" of Stewart's pilot's certificate "without supporting due process," and (2) deceive the U.S. Treasury and the State of Ohio "into believing" Stewart had a debt in the amount of $6,625.65, "as issued by Kahn for his indirect beneficial interest and that of the FAA in clear violation of . . . Ohio Revised Code 2921.45 [and] 2921.52." (*Id*.) Stewart further alleges that as a result of this "sham legal process," the FAA changed the public record regarding Stewart "from 'private pilot' to 'no certificate' to deceive public officials, including police officers, the Sheriff, and the State Highway Patrol." It appears that Stewart alleges that as a result of the purported "sham legal process" that changed the public record to show "no certificate," he was arrested and his personal aircraft was seized without a warrant or probable cause. (*Id*. at 3–4[1].)

On March 22, 2021, the Court found Stewart's complaint contained legal rhetoric and conclusory allegations but lacked sufficient facts from which the Court could discern a cognizable claim for relief. The Court therefore issued an order notifying Stewart that his complaint may be subject to dismissal for failure to state a claim upon which relief may be granted (Doc. No. 7 ["Order"].) Stewart was given thirty days to amend his complaint to set forth a cognizable claim for relief and warned that if a legally sufficient amended complaint was not filed within the time permitted, this action would be dismissed. (Order at 55 [citing *Catz v.*

---

[1] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

*Chalker*, 142 F.3d 279 (6th Cir. 1998); *Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983)].)

On April 12, 2021, Stewart filed an amended complaint with attachments (Doc. No. 11 Amended Civil Complaint ["ACC"]). In the ACC, Stewart lists the parties involved and the purported jurisdiction of the Court, stating "[t]here is no assertion of criminal conduct or intent; just Executive Overreach." (ACC at 67.) In a section titled, "Amended Complaint (Executive Overreach)," Stewart alleges as follows: (1) "the below listed 'Orders' . . . have harmed 'Stewart'[] and will continue to endanger the life and property of his person and property if he and his aircraft remain under duress any longer when travelling out of State"; (2) Stewart "has demanded the Defendants to 'cease and desist' the construction of Orders as if Stewart had conferred his Ohio Constitution, Article I, section 1 and 5 rights to the U.S. DOT granting jurisdiction over property and use"; (3) the FAA administrator "promulgates rules outside the jurisdictional limitation of the Ohio and U.S. Constitution as if the protection afforded by the U.S. 10th Amendment had been waived by Stewart"; and (4) the administrator "is perpetrating 'waste, fraud, and abuse' of government resources and wrongly believes Stewart waived the protection afforded in the U.S. 10th Amendment." (*Id.* at 68–69 (bolding and underlining omitted).) Stewart then refers to documents he submitted as attachments to the ACC "[t]o establish a factual basis" for his claims. (*Id.* at 69.)

One of the attachments—a letter from Kahn, dated October 9, 2014—advised Stewart that the FAA issued an emergency order suspending his "airworthiness certificate" issued for N495RF until Stewart allows for reinspection of "N495RF's airworthiness." (Doc. No. 11-1 ["Letter"] at 73–74.) The letter explained that Stewart had been afforded the opportunity to

appeal the emergency order to the National Transportation Safety Board, but Stewart did not appeal, and his appeal time has expired. The letter further advised Stewart that his airworthiness certificate is no longer effective, that he must surrender his certificate, and that he is subject to a civil monetary penalty for failing to surrender his certificate. (*See generally id.*)

Also attached to the ACC is the FAA's emergency order of revocation, dated October 3, 2019. (Doc. No. 11-1 ["Order Rev."] at 75–78.) In this order, Kahn notified Stewart that the FAA determined that "safety in air commerce and the public interest require the immediate revocation of [Stewart's] Private Pilot Certificate on an emergency basis" based upon Stewart's operating a flight without an airworthiness certificate and landing the flight with retracted landing gear, causing the aircraft to exit the runway into the grass. (*Id.* at 77–78.) The letter identifies the FAA regulations Stewart violated, the civil penalty of $1,501 per day for each day Stewart fails to surrender his private pilot certificate, and the process by which Stewart may appeal the FAA's order. (*Id.* at 78–79.)

In Stewart's original complaint, he sought the following relief: an "agreement to return to his previous post of employment with the FAA . . ."; an order to the FAA "to vacate the words 'no certificate' within the public record of [Stewart] and to insert 'private pilot' into that same area ordered and vacated"; an order vacating the $6,625.65 debt to the U.S. Treasury; an order requiring the FAA to recognize Stewart's "certificate is a certificate of a fact in history from 1978" and that Stewart has "met the Standards for receiving a private pilot certificate in 1978" and displaying such certificate; and an order to "permanently restrain the FAA from denying the right of due process including the State right of a certified private pilot to transit the air space." (Compl. at 6–7.) In the ACC, Stewart additionally seeks an order for the return of his private

pilot certificate and an order for the release of the names of the individuals "who participated in the March 8, 2021 incident at my hanger to the Portage County Sheriff's Office".. (ACC at 70–71.)

## II. DISCUSSION

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). To state a plausible claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

When reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996)). Courts, however, are not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

**A. Amended Complaint**

As an initial matter, an amended complaint generally supersedes the original complaint, rendering the original complaint null and void. *Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 706 n.2, 102 S. Ct. 3304, 73 L. Ed. 2d 1057 (1982) (White, J., concurring in part & dissenting in part on other grounds, joined by Powell, Rehnquist, & O'Connor, JJ.); *Drake v. City of Detroit*, 266 F. App'x. 444, 448 (6th Cir. 2008) (unpublished); *Khatri v. Ohio State Univ.*, No. 5:18-cv-2962, 2020 WL 534023, at *2 (N.D. Ohio Jan. 17, 2020) (collecting cases). The Sixth Circuit, however, recognizes an exception to this general rule where the moving party "evinces an intent for the amended pleading to supplement rather than supersede the original pleading." *Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016). Where "the amended petition [is] not 'complete in itself' and . . . it referred to and adopted the prior petition, the amended petition [does] not supersede the original petition." *Id.* at 931 (citing *Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 131 (6th Cir. 2014)).

Here, there is no evidence in the record that Stewart intended to supplement rather than supersede the original complaint. The Court, however, will liberally construe this *pro se* amended pleading as a supplement to the original complaint and will collectively refer to both filings as the "Pleadings."

Upon review, the Court finds Stewart's Pleadings devoid of facts in support of a cognizable claim for relief. In liberally construing the Pleadings, the Court finds the following potential claims: (1) interfering with civil rights, in violation of Ohio Rev. Code § 2921.45; (2) sham legal process in violation of Ohio Rev. Code § 2921.52; and (3) due process violation.

B. **State Law Claims**

   1. *Interfering with Civil Rights*

Stewart appears to assert claims against defendants for interfering with his civil rights in violation of Ohio Rev. Code § 2921.45 when the defendants "deceive[d] Public Officials . . . into believing [that Stewart was indebted] to the U.S. Treasury [for] $6,625.65[.]" (*See* Compl. at 3.)

Section 2921.45 is a state criminal statute that prohibits a public servant, acting under color of his or her office, employment, or authority, from knowingly depriving, or conspiring or attempting to deprive, any person of a constitutional or statutory right. Ohio Rev. Code § 2921.45(A). This section provides that "[w]hoever violates this section is guilty of interfering with civil rights, a misdemeanor of the first degree." Ohio Rev. Code § 2921.45(B). This statute, however, does not provide for a private civil cause of action. *Gibson v. Rose*, No. 1:12-cv-1509, 2012 WL 2995484, at *8 (N.D. Ohio July 23, 2012); *see also Carovac v. Lake Cty. Bd. of Dev. Disabilities/Deepwood*, No. 1:19-cv-2344, 2020 WL 5423966, at *9 (N.D. Ohio Sep. 9, 2020) ("'There is no automatic civil liability for violation of a criminal statute.'") (quoting *Stone v. Holzberger*, 807 F. Supp. 1325 (S.D. Ohio 1992)).

Moreover, "a plaintiff may not assert a civil claim based upon an alleged violation of a criminal statute because '[c]riminal violations are brought not in the name of an individual party but rather by, and on behalf of, the state of Ohio or its political subdivisions.'" *Gibson*, 2012 WL 2995484, at *8 (quoting *Biomedical Innovations, Inc. v. McLaughlin*, 658 N.E.2d 1084, 1086 (Ohio Ct. App. 1995)). "'A civil claim for violation of a criminal statute that does not provide a civil cause of action must be dismissed as a matter of law.'" *Carovac*, 2020 WL 5423966, at *9 (quoting *DirecTV, Inc. v. Milliman*, No. 02-74829, 2003 WL 23892683 (E.D. Mich. Aug. 26,

2003)); *see also Oliver v. Lexington Fayette Urban Cnty. Gov't*, No. 5:20-cv-215, 2020 WL 2858008, at *4 (E.D. Ky. June 2, 2020) ("18 U.S.C. § 2511 is a criminal statute prohibiting the interception and disclosure of wire, oral, or electronic communications. A private citizen lacks a judicially cognizable interest in the criminal prosecution of another and thus cannot assert a claim arising under a criminal statute.") (internal citation omitted).

Accordingly, to the extent Stewart's claim is predicated on Ohio Rev. Code § 2921.45, no relief may be granted. *See Northrup v. City of Toledo Police Div.*, No. 3:12-cv-01544, 2015 WL 4661836, at *4 (N.D. Ohio Aug. 5, 2015) (finding allegations under Ohio Rev. Code § 2921.45 do not state plausible claims for relief because the criminal statute does not provide for a private cause of action), *vacated in part on other grounds*, 785 F.3d 1128 (6th Cir. 2015).

### 2. *Sham Legal Process*

It appears that Stewart also asserts claims against the FAA, a federal agency, and Kahn, in his official capacity as counsel for the FAA, for sham legal process in violation of Ohio Rev. Code § 2921.52. Stewart's claims against these defendants, however, must be dismissed.

The United States enjoys sovereign immunity and may not be sued unless it waives immunity. *United States v. Mitchell*, 445 U.S. 535, 538, 100 S. Ct. 1349, 63 L. Ed. 2d 607 (1980). The FAA, as an agency of the United States, is immune from private actions absent waiver. *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993); *see Carelli v. Internal Revenue Serv.*, 668 F.2d 902, 904 (6th Cir. 1982) ("Although the appellant named the IRS as defendant in his complaint, we treat this action as a suit against the United States.") Congress defines the terms and conditions of a waiver of sovereign immunity. *McGinness v. United States*, 90 F.3d 143, 145 (6th Cir. 1996). Any waiver must be unequivocally expressed and must be

strictly construed in favor of the sovereign. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34, 112 S. Ct. 1011, 117 L. Ed. 2d 181 (1992).

The Federal Tort Claims Act ("FTCA") provides the exclusive jurisdictional basis for tort claims against the United States and its employees for actions committed in the scope of their employment. 28 U.S.C. § 2679(b)(1). By enacting the FTCA, Congress waived the United States' sovereign immunity under very limited circumstances for claims against the federal government arising from torts committed by federal employees who are acting within the scope of their employment. 28 U.S.C. §§ 1346(b)(1), 2679(d)(1); *United States v. Orleans*, 425 U.S. 807, 813–14, 96 S. Ct. 1971, 48 L. Ed. 2d 390 (1976).

If an entity has sovereign immunity and if it has not been waived, a court does not have subject matter jurisdiction over claims against that entity. *United States v. Mitchell*, 463 U.S. 206, 212, 103 S. Ct. 2961, 77 L. Ed. 2d 580 (1983). The plaintiff bears the burden of demonstrating that the United States has waived its sovereign immunity and consented to suit. *Whittle*, 7 F.3d at 1262.

Here, Stewart has not alleged or demonstrated that the FAA (or the United States) has waived its sovereign immunity for sham legal process. This Court therefore lacks jurisdiction to entertain Stewart's claims, and his claims against the FAA and Kahn for sham legal process must be dismissed. Nevertheless, even if this Court had jurisdiction over Stewart's claims for sham legal process, Stewart's Pleadings fail to state a claim upon which relief may be granted.

Stewart appears to allege that defendants used a sham legal process (1) to coerce the surrender of his pilot's certificate "without supporting due process"; (2) to deceive the U.S. Treasury and the State of Ohio "into believing" Stewart had a debt in the amount of $6,625.65;

and (3) to change the public record regarding Stewart from "private pilot" to "no certificate" to deceive public officials, including police officers, the Sheriff, and the State Highway Patrol, which allegedly resulted in his arrest and the seizure of his aircraft. (*See* Compl. at 3–4.)

A sham legal process under Ohio Rev. Code § 2921.52 is defined as an instrument that (1) is "not lawfully issued"; (2) purports to: be a summons, subpoena, judgment, or order of a court, a law enforcement officer, or a legislative, executive, or administrative body; assert jurisdiction over or determine the legal or equitable status, rights, duties, powers or privileges of any person or property; or require or authorize the search, seizure, indictment, arrest, trial or sentencing of any person or property; and (3) is designed to make another person believe that it is lawfully issued. Ohio Rev. Code § 2921.52(A)(4)(a)–(c).

This statute also provides that "[n]o person shall . . . (1) [k]nowingly issue, display, deliver, distribute, or otherwise use sham legal process; (2) [k]nowingly use sham legal process to arrest, detain, search, or seize any person or the property of another person; (3) [k]nowingly commit or facilitate the commission of an offense, using sham legal process; [or] (4) [k]nowingly commit a felony by using sham legal process." Ohio Rev. Code § 2921.52(B). And unlike § 2921.45, this statute provides for civil liability. *See* Ohio Rev. Code §2921.52(E).

Here, Stewart has failed to plead any factual allegations to undermine the validity of the order (or orders) the defendants used to accomplish its "executive overreach." Rather, Stewart states in a conclusory manner that defendants used a sham legal process to coerce the surrender of his pilot's certificate, to deceive the U.S. Treasury and the State of Ohio "into believing" Stewart had a debt in the amount of $6,625.65, and to change the public record to "no certificate"

to deceive public officials. Stewart, therefore, does not show that the FAA's purported order was "not lawfully issued."

Accordingly, Stewart fails to state a claim for sham legal process upon which relief may be granted.

### C. Due Process Claim

Liberally construing the Pleadings, it appears that Stewart may be alleging that Kahn, as the FAA's counsel, used a sham legal process to effectuate the surrender of Stewart's pilot's certificate without due process. To the extent that Stewart claims defendants deprived him of due process, this claim also fails.

Stewart's purported due process claim arises, if at all, under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (district court properly construed action as a *Bivens* action where plaintiff alleged that he was deprived of a right secured by the United States Constitution by persons acting under color of federal law) (citing *Bivens*).

*Bivens* provides a cause of action against federal officials for certain limited constitutional violations: (1) Fourth Amendment search and seizure; (2) Fifth Amendment gender-discrimination; and (3) Eighth Amendment cruel and unusual punishment. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854–55, 198 L. Ed. 2d 290 (2017). Expanding *Bivens* remedies to other causes of action is "'disfavored.'" *Id*. at 1857 (quoting *Iqbal*, 556 U.S. at 675). *See, e.g. Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66–69, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001) (rejecting an Eighth Amendment suit against a private prison operator); *FDIC v. Meyer*, 510 U.S.

471, 473–74, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994) (rejecting a procedural due process suit against a federal agency for wrongful termination*); Schweiker v. Chilicky*, 487 U.S. 412, 414, 108 S. Ct. 2460, 101 L. Ed. 2d 370 (1988) (rejecting a procedural due process suit against Social Security officials); *United States v. Stanley*, 483 U.S. 669, 671–72, 683–684, 107 S. Ct. 3054, 97 L. Ed. 2d 550 (1987) (rejecting a substantive due process suit against military officers); *Chappell v. Wallace*, 462 U.S. 296, 297, 304–05, 103 S. Ct. 2362, 76 L. Ed. 2d 586 (1983) (rejecting a race-discrimination suit against military officers).

A *Bivens* action may only be asserted against individual federal officials, not a department or agency. *Malesko*, 534 U.S. at 72; *Moshir v. Minehart*, No. 4:17-cv-1458, 2017 U.S. Dist. LEXIS 190700, at *4 (N.D. Ohio Nov. 17, 2017) (stating that a *Bivens* action cannot be brought against the United States government or a federal agency such as a federal prison because "*Bivens*' purpose is to deter individual federal officers, not the agency, from committing constitutional violations") (only LEXIS cite available).

Here, Stewart's purported due process claims are not recognized under *Bivens*. *See Ziglar*, 137 S. Ct. at 1860. Nor are there any reasons to infer a new *Bivens* cause of action for these claims. *Id.* at 1858; *see Robinson v. United States*, No. 4:18-cv-1817, 2019 WL 1255208, at *3 (N.D. Ohio Mar. 19, 2019) ("[I]f there is an alternative remedial structure in place to address a given situation, the Court should not infer a new *Bivens* cause of action."). Accordingly, the Court will not extend a remedy under *Bivens* for Stewart's due process claims.

Stewart's purported allegation that Kahn deprived him of due process in the surrender of his pilot's certificate fails to state a claim upon which relief may be granted.

## III. CONCLUSION

For the foregoing reasons, this action is dismissed, and the pending motions (Doc. Nos. 10, 15, and 18) are denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: July 1, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**